**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN MARTIN BAIN                                                                                        PLAINTIFF

v.                                            4:16CV00211-BRW-JTK

JOHN RANDALL, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff John Bain is an inmate confined at the Cleburne County Detention Center. He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging Defendants failed to protect him from harm while incarcerated at the Faulkner County Detention Center in September, 2015 (Doc. No. 2). By Order dated April 19, 2016 (Doc. No. 4), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court provided Plaintiff the opportunity to amend his complaint within thirty days. (Id., p. 4) As of this date, Plaintiff has not filed an Amended Complaint.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.     Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleged in his Complaint that Defendant Simmons failed to follow Jail policy to place him in a single-man holding cell following his arrest, and that Defendants Randall, Flowers, and McCree-Andrews failed to properly educate employees about policy. He also alleged Defendant Munyan unsuccessfully urged officers not to take him to the hospital, following an attack on him by another inmate. Plaintiff did not include any specific allegations against Defendants Shock and Rice.

Plaintiff's allegations do not support a constitutional claim for relief. Failure to follow policy does not state a claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). And, a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions in an action filed pursuant to 42 U.S.C. § 1983. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In this case, Plaintiff did not allege any knowledge or personal involvement by Defendants Randall, Flowers, and McCree-Andrews with respect to the incidents at issue in his Complaint. And, he did not allege that any of the Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official[s] drew that inference." Perkins v. Grimes, 161 F.3d 1127,

1130 (8th Cir. 1998). Finally, Plaintiff's allegation that Defendant Simmons urged officers not to take him to the hospital does not support a claim for relief, because Plaintiff admitted in his Complaint that the officers did take him to the hospital where he was treated.

In the April 19, 2016 Order granting Plaintiff the opportunity to submit an Amended Complaint, the Court offered directions concerning Plaintiff's allegations (Doc. No. 4, pp. 3-4). However, because Plaintiff failed to submit an Amended Complaint to clarify his allegations against the named individual Defendants, or to state a constitutional claim for relief, the Court finds the Complaint should be dismissed, for failure to state a claim upon which relief may be granted.[1]

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.  The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 25th day of May, 2016.

---

[1] The Court also notes that an Order mailed to Plaintiff at his last known address was returned to the Court as undeliverable on May 10, 2016 (Doc. No. 6). Local Rule 5.5(c)(2) requires that pro se plaintiffs keep the Court apprised of changes in address, and that if communications from the court are not responded to within thirty days, the case may be dismissed without prejudice for failure to prosecute.

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE